Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-58-ELG |
| | ) | (Chapter 11) |
| NATIVE WASHINGTONIAN, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 24-59-ELG |
| | ) | (Chapter 11) |
| ACTUARIAL ESTATE, PLLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 24-60-ELG |
| | ) | (Chapter 11) |
| UPTOWN HOLDINGS, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**JOINDER IN U.S. TRUSTEE'S MOTIONS
TO CONVERT OR DISMISS CHAPTER 11 CASES**

Comes now WCP Fund I LLC ("WCP"), a creditor in each of the above-captioned matters, by and through undersigned counsel, in support of the motions of the United States Trustee (the "UST") to convert or dismiss each of these cases (the "Motions"), and states as follows:

Native Washingtonian, LLC ("NWL") has now been a debtor in bankruptcy twice in less than a year. *See* Case No. 23-240-ELG; Case No. 24-58-ELG. Ditto Actuarial Estate PLLC

1

("AEP" – an entity that is not, by any even vaguely generous use of the phrase, a "professional" entity). *See* Case No. 23-241-ELG; Case No. 24-59-ELG. And so, too, goes the saga of Uptown Holdings, LLC ("UHL"). *See* Case No. 23-242-ELG; Case No. 24-60-ELG.

When NWL, AEP and UHL (collectively, the "Debtors") first sought bankruptcy relief, such was transparently to weaponize the automatic stay enshrined in Section 362 of Title 11 of the United States Code (the "Automatic Stay") so as to stop WCP from foreclosing on their respective real estate assets. They then ghosted this Honorable Court, not even caring to appear at the hearing on their cases' dismissal.

Once again, the Debtors have sought bankruptcy relief timed to invoke the Automatic Stay to halt foreclosures. And, per the Motions, once again the Debtors appear to be less concerned with the hard work of reorganization than mere persistence in the frustration of WCP's efforts to foreclose. Tellingly, the response deadline for all three Motions has now elapsed and not only have the Debtors failed to respond but, too, they have failed to cure the underlying issues by filing operating reports.

The Motions seek dismissal or conversion. Under governing law, the standard for determining the appropriate outcome is "the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The UST amply establishes "cause" in each of the Motions and, as noted *supra*, the Debtors have failed to timely respond – much less to cure the issues "within a reasonable period of time…" 11 U.S.C. § 1112(b)(2)(B)(ii).[1] So the question is no longer *if* these cases should be

---

[1] Nor have the Debtors established "reasonable justification" for their noncompliance with the rigors of bankruptcy. 11 U.S.C. § 1112(b)(2)(B)(1). Nor have the Debtors shown "there is a reasonable likelihood that a plan will be confirmed" within the statutory timeframe. 11 U.S.C. § 1112(b)(2)(A).

2

converted or dismissed but, rather, which avenue will advance the best interests of creditors and the estates.

If this Honorable Court is willing to dismiss each of these cases with prejudice for a period of one year, so as to ensure there is not an inevitable third filing by each entity on the day of the next round of foreclosure auctions, WCP firmly supports dismissal. It appears WCP is the predominant creditor in each case and foreclosure is an efficient remedy through which WCP may exercise its rights in the Debtors' various assets.

However, if dismissal were to not be with prejudice, WCP would support conversion to Chapter 7. WCP is certainly willing to work with a Chapter 7 trustee to ascertain whether or not there may exist equity in any of the Debtors' assets and, if so, to work with a trustee to facilitate the orderly sale of such assets for the benefit of not just WCP but, too, general unsecured creditors.

*[Signature on Following Page]*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 20, 2024 | By: /s/ Maurice B. VerStandig |
|  | Maurice B. VerStandig, Esq. |
|  | Bar No. MD18071 |
|  | The VerStandig Law Firm, LLC |
|  | 1452 W. Horizon Ridge Pkwy, #665 |
|  | Henderson, Nevada 89012 |
|  | Phone: (301) 444-4600 |
|  | Facsimile: (301) 444-4600 |
|  | mac@mbvesq.com |
|  | *Counsel for WCP Fund I LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig